HOLLANDER *v.* BAIZ, Consul General, etc.[1]

*(District Court, S. D. New York. December 4, 1889.)*

DEPOSITIONS—COMMISSION TO FOREIGN COUNTRY—EXPULSION—SAFE CONDUCT.

In an action against the consul general of a foreign country, defendant moved for a commission to take testimony in such country. It appeared that the government of that country refused to allow plaintiff to enter its territory, and plaintiff furnished affidavits tending to show the nature of the investigation and the questions to be raised, and that the commission was not likely to be properly executed in the plaintiff's absence, with due provision for his own defense. *Held,* that the commission should issue only on condition that defendant obtain from his government, and furnish to plaintiff, a safe conduct, allowing him to enter the country and return, and be present on the execution of the commission.

At Law. On motion for commission to take testimony.

*R. D. Benedict,* for plaintiff.

*Billings & Cardozo,* for defendant.

The plaintiff, an American citizen, was expelled from the republic of Guatemala as a "pernicious foreigner," and the Guatemalan government directed the defendant, who was the Guatemalan consul general at New York, to publish the decree of expulsion in New York. Defendant sent the decree to the Associated Press; and this action was thereupon brought against him for alleged libelous statements contained in said decree. Defendant thereafter moved for a commission to take testimony in Guatemala as to plaintiff's character and reputation. Plaintiff furnished affidavits to show that in his absence such commission could not be fairly conducted, nor his own witnesses procured and examined without his presence, and opposed the allowance of any commission, unless he should be allowed to enter Guatemala, and be present at the execution of the commission.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

The court, BROWN, J., said, that the taking of testimony on examination was in a certain sense a partial trial of the cause, and that the plaintiff, as between him and the defendant, or the Guatemalan government, as his principal, was entitled to be present thereat, if desired, where, as here, it appeared to be necessary to the protection of his legal rights. An order was accordingly entered that if the defendant, within a specified time, should furnish to plaintiff a safe conduct from the Guatemalan government, permitting him to go to Guatemala, and be present on the execution of the commission and to return without molestation, the motion for a commission should be granted, but, failing the production of such safe conduct, the motion should be denied.